UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE


DOUGLAS LAMONT JONES,                )
                                     )
             Petitioner,             )
                                     )
v.                                   )        3:01-cv-140
                                     )        (3:93-cr-031)
                                     )        *Jordan*
                                     )
                                     )
UNITED STATES OF AMERICA             )
                                     )
             Respondent.             )


## MEMORANDUM


      This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Douglas Lamont Jones ("Jones"). For the following reasons, the government's motion to dismiss [Court File No. 2] will be **GRANTED**. The § 2255 motion will be **DENIED** and this action will be **DISMISSED**.

# I.    Factual Background

Jones was one of 18 defendants charged in a 126-count indictment with conspiracy to distribute cocaine and various related offenses.  He was convicted by a jury of conducting a continuing criminal enterprise (CCE), conspiracy to distribute cocaine (1 count), distribution of cocaine (2 counts), money laundering (121 counts), and using a telephone to facilitate distribution of cocaine (2 counts); this court vacated the conspiracy conviction because of the CCE conviction.  *United States v. Paulin*, 935 F.2d 739, 751 (6th Cir. 1991) ("a defendant cannot be subjected to cumulative punishment for both a conspiracy violation under section 846 and a CCE violation under section 848, even if the conspiracy and CCE sentences run concurrently").  Petitioner received a total effective sentence of 360 months. The judgment was affirmed on direct appeal.  *United States v. Elder*, 90 F.3d 1110 (6th Cir. 1996).

In support of his § 2255 motion to vacate sentence, Jones alleges ineffective assistance of counsel, multiplicous indictment, and errors in sentencing.  He also claims his sentence should be set aside in light of the Supreme Court decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  In an amendment to the § 2255 motion, Jones cites additional cases in support of the motion, including *Blakely v. Washington*, 542 U.S. 296 (2004).  The government contends the allegations of ineffective assistance of counsel, multiplicous indictment, and errors in sentencing are barred by the one-year statute of limitation, and that Jones is not entitled to collateral relief under *Apprendi* or *Blakely*.

II.    Discussion

Prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the only time constraint for a federal prisoner to file a § 2255 motion was if the respondent had been prejudiced in responding to the motion or petition because of the delay in filing. Rule 9(a) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS. As a result of the AEDPA, however, a federal prisoner has one year in which to file a § 2255 motion. The limitation period generally runs from the date on which the judgment of conviction becomes final.

The Sixth Circuit affirmed Jones' convictions and sentence on September 18, 1996. Jones had 90 days, or until December 17, 1996, within which to file a petition for a writ of certiorari. The one-year statute of limitation began to run after the expiration of the 90 days. *See United States v. Cottage*, 307 F.3d 494, 498 (6th Cir. 2002). Thus, Jones had until December 17, 1997, to file his § 2255 motion and he failed to do so. Therefore, his allegations of ineffective assistance of counsel, multiplicous indictment, and errors in sentencing are barred by the statute of limitation.

In response to the motion to dismiss, Jones contends that, under the doctrine of equitable tolling, he should be permitted to file his § 2255 motion after the limitation period based upon extraordinary circumstances. The Sixth Circuit has found that the AEDPA's one year limitation period is subject to equitable tolling because it is a statute of limitation, not

3

a jurisdictional bar. *Dunlap v. United States*, 250 F.3d 1001, 1004-07 (6th Cir. 2001). When determining whether equitable tolling is appropriate, the court must consider the following:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive notice of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Id*. at 1008.

Jones has the burden of demonstrating that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citations omitted). In addition, "[t]he doctrine of equitable tolling is applied sparingly by federal courts," and is typically used "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (citations and internal quotations marks omitted). The principles of equitable tolling "do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Department of Veteran Affairs*, 498 U.S. 89, 96 (1990).

Jones claims he failed to timely file his § 2255 motion because he believed his attorney was going to file one on his behalf. Such an allegation, however, will not justify equitable tolling. *See Winkfield v. Bagley*, 66 Fed.Appx. 578, 583-584, 2003 WL 21259699 *5 (6th Cir. May 28, 2003) (reliance on counsel does not toll the statute of limitations where the petitioner "has 'failed in his duty to monitor the status of his appeal'") (quoting *Brown v. United States*, 20 Fed.Appx. 373, 375, 2001 WL 1136000 *3 (6th Cir. September 21, 2001).

4

The court notes that 28 U.S.C. § 2255 provides several exceptions to the statute of limitation, one of which is: the one-year period shall run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Arguably, because *Apprendi* was decided after Jones' conviction became final, it falls within this exception. The Supreme Court, however, has not held that *Apprendi* should be applied retroactively. *See Goode v. United States*, 305 F.3d 378, 381 (6th Cir. 2002) ("We conclude that *Apprendi* does not apply retroactively to initial § 2255 motions as it is not a watershed rule of criminal procedure.").

In addition, any claim Jones may have pursuant to *Blakely* is now governed by the Supreme Court's intervening decision in *Booker*, which applied the reasoning in *Blakely* to the federal sentencing guidelines. In *Booker*, the Court noted that its holding should be applied "to all cases on direct review." *United States v. Booker*, 125 S. Ct. at 769. The Court did not state that the holding should be applied retroactively on collateral review of cases in which the judgment has become final. In fact, the Court quoted *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987), for the proposition that "'a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases ... pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a "clear break" with the past.'" *Id*. The Sixth Circuit has, in fact, held that *Booker* "does not apply retroactively in collateral proceedings." *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005).

III.     Conclusion

The government's motion to dismiss will be **GRANTED**.  Jones is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**.  The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous.  A certificate of appealability **SHALL NOT ISSUE**.  28 U.S.C. § 2253.

**AN APPROPRIATE ORDER WILL ENTER.**

_____ s/ Leon Jordan _____
United States District Judge

6